Another, Respondents.— Order affirmed as a matter of law and not in the exercise of discretion. Legislation upon which *Matter of Haskell* v. *Voorhis* (246 N. Y. 256) was predicated was changed by section 249 of the Election Law (Laws of 1932, chap. 587). Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

MERIT DAIRY PRODUCTS CORPORATION, Appellant, v. MURRAY GORDON, Respondent.— Order denying plaintiff's motion for an injunction restraining defendant, *pendente lite*, from dealing with plaintiff's customers, pursuant to an employment agreement, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted upon condition that on or before October 29, 1934, the appellant file an undertaking with corporate surety in the sum of $1,000, to the effect that appellant will pay respondent such damages, not exceeding said sum, as he may sustain by reason of the injunction if the court finally decide that appellant is not entitled thereto, and upon the further condition that appellant consent to proceed to trial on Tuesday, October 30, 1934, with the consent of the justice presiding at Special Term, Part III, Kings county. In the event of appellant's failure to comply with these conditions, the order is affirmed, with ten dollars costs and disbursements. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., votes for reversal and the granting of a temporary injunction restraining the defendant from dealing with any customers with whom he dealt while in the employment of the plaintiff and upon the foregoing conditions with respect to an undertaking and proceeding to trial.

MERIT DAIRY PRODUCTS CORPORATION, Appellant, v. LOUIS DE HOUST, Respondent.— Order denying plaintiff's motion for an injunction restraining defendant, *pendente lite*, from dealing with plaintiff's customers, pursuant to an employment agreement, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted upon condition that on or before October 29, 1934, the appellant file an undertaking with corporate surety in the sum of $1,000, to the effect that appellant will pay respondent such damages, not exceeding said sum, as he may sustain by reason of the injunction if the court finally decide that appellant is not entitled thereto, and upon the further condition that appellant consent to proceed to trial on Tuesday, October 30, 1934, with the consent of the justice presiding at Special Term, Part III, Kings county. In the event of appellant's failure to comply with these conditions, the order is affirmed, with ten dollars costs and disbursements. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., votes for reversal and the granting of a temporary injunction restraining the defendant from dealing with any customers with whom he dealt while in the employment of the plaintiff and upon the foregoing conditions with respect to an undertaking and proceeding to trial.

MORRIS STOLBERG, Respondent, v. STEPHEN H. JACKSON, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

JOSEPH BLUTREICH, Appellant, v. MICHAEL V. ROSENBERG, Respondent,— Judgment dismissing the complaint on the merits in an action in equity for an accounting unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

THE BROOKLYN NATIONAL BANK OF NEW YORK, Appellant, v. CITY OF LONG BEACH, Respondent.— Order denying plaintiff's motion for summary judgment